UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PALMA RASMUSSEN,        CASE NO.:  6:07-CV-1091-19UAM

  Plaintiff,

v.

CENTRAL FLORIDA COUNCIL
BOY SCOUTS OF AMERICA, INC.,

  Defendant.
_____

CENTRAL FLORIDA COUNCIL
BOY SCOUTS OF AMERICA, INC.,

  Counterclaim Plaintiff,

v.

PALMA RASMUSSEN,

  Counterclaim Defendant,

   - and -

KEITH RASMUSSEN,

  Additional Counterclaim Defendant.

_____/

**PLAINTIFF'S MOTION FOR RECONSIDERATION
AND AMENDMENT OF ORDER OF SUMMARY
<u>JUDGMENT; AND MOTION FOR CLARIFICATION</u>**
(With Supporting Memorandum)

  COMES NOW the Plaintiff, Palma Rasmussen, and Counterclaim Defendant,

Keith Rasmussen, by and through their undersigned attorney who submit this motion

for reconsideration and amendment of order of summary judgment and motion for clarification.

**<u>Motion for Reconsideration</u>**

The Order on Defendant's Motion for Summary Judgment, page 2, footnote 1, states that, "Documents filed on or after January 24, 2008, will be excluded from consideration." Those documents that were in the process of being filed on January 23, 2008 were attachments of Palma Rasmussen to her Affidavit. A technical glitch occurred which prohibited the continuation of the submission of the exhibits from the office of Plaintiff's, counsel Law Firm of Edward R. Gay, P.A., to the Court. The assistant to Plaintiff's counsel, Peggy Potter, received several messages during this upload indicating that the documents were not uploading properly. It appears in retrospect when these documents were being uploaded the computer system DSL speed was too low to completely send each document without interruption. Plaintiff's counsel's assistant tried repeatedly (three times) to fulfill the submissions in the early evening of January 23, 2008. It became apparent that no further submissions would be received by the Court and the only other alternative was to contact the Court the very next morning and speak to a Case Manager for CM/ECF.

In addition to seeking the assistance of the Court personnel, a CM/ECF Case Manager by the name of Jane, who conversed with Plaintiff's counsel's assistant, Peggy Potter, Plaintiff's counsel contacted AT&T, the internet service provider of the Law Firm of Edward R. Gay, P.A. to investigate the matter. A representative of AT&T, Tony (LNU) provided a trouble ticket #DV023462 to begin an investigation as to whether there was any problems from the standpoint of the internet services provided to the Law Firm

of Edward R. Gay. The representative of AT& T did a "systems check" over the telephone and concluded that in fact the speed was below the normal 3.0 and an upgrade had been recently performed to bring the system up to 6.0. Shortly thereafter, Plaintiff's counsel's office was called back by AT&T and told that his office could not receive a 6.0 upgrade due the office location. The representative stated that AT&T would immediately send out a technician to correct this error. On the morning of January 24, 2008 a technician arrived at the Law Firm of Edward R. Gay P.A. and stated that the upgrade that was being performed the day prior could have certainly interfered with the DSL speed in an upload as it would be a "push-pull" situation where when you are uploading a document with a speed of 6.0 you are pushing a document wherein your capacity is only 3.0. In other words, it appears that on January 23, 2008 Plaintiff's counsel's office, by receiving an attempted upgrade from AT& T to 6.0., caused a "system failure" by decreasing the DSL speed below 3.0 on any e-mail transmittal or document upload to the Court. Due to this fact the technician for AT&T had to "downgrade" the 6.0 to 3.0 in order for Plaintiff's Counsel's office to resume normal DSL speed and also stated that "anything can happen during an upgrade and this should never have happened."

The conclusion reached by Plaintiff's counsel is that a technical glitch prevented the continuation of the uploading of the documents the early evening of January 23, 2008 and at least from the representative of AT&T the origin is not from the Law Firm of Edward R. Gay, P.A.

The Court when it entered its order on March 7, 2008 was not aware of this fact and should not exclude from consideration submissions under these circumstances. In retrospect perhaps a motion could have been filed on January 24, 2008 to alert the Court

of these events but no doubt a motion could not have been filed on January 23, 2008 at the time the technical glitch occurred since the problem was preventing CM/ECF transmissions from Plaintiff's counsel's office to the Court. There is no belief that a motion submission would have been received any more than the exhibits that were not being able to be received.

Since the Court has gone to electronic filing in July 2004 the undersigned has not had a previous experience of similar nature. While the undersigned cannot profess to understand all the technologies involved the failure perhaps could be attributed to the voluminous nature of the documents. In any event, this is not a situation where the Plaintiff or Plaintiff's counsel were not being diligent for timely submissions. In fact, the opposite was true as the Plaintiff and Plaintiff's counsel was diligently submitting the documentation to the Court and a "technical glitch" prevented further submissions. The Plaintiff's counsel is troubled in retrospect as it appears that little could have been done other than what occurred. Plaintiff's office contacted AT&T and the technology department of the Court the very next morning and began uploading the required submissions. Since the submissions were not being received, a motion or notice to the Court on the evening of January 23, 2008 would presumably would not have been received either. The submissions of January 24, 2008 were a continuation of the submissions of January 23, 2008. Even if the submissions on a particular evening were so voluminous as to go beyond the midnight hour it would not have occurred to Plaintiff's counsel to file a motion to extend by one day the submissions since the submissions was an on-going process which began timely. To suggest such a need for a motion under the circumstances that occurred in this case would be a harsh interpretation

of the rules and defeats the purpose of the "lawyer friendly" advantages of the electronic filing system. In the case at bar, the submissions on the morning of January 24, 2008 were merely a continuation of the submissions on the evening of January 23, 2008, a gap only due to technology and not as a result of any lack of diligence on the Plaintiff or Plaintiff's counsel.

In summary, the Plaintiff, Palma Rasmussen, and Counterclaim Defendant, Keith Rasmussen, respectfully request this Court to reconsider its previous decision of March 7, 2008 by a review of the exhibits that were filed past January 23, 2008, the exhibits of January 24, 2008 which were a continuation of the January 23, 2008 timely submissions but for a technical glitch. Even if the Court's decision is identical to the decision of March 7, 2008, then footnote 1 should be deleted as it infers a lack of diligence on the Plaintiff, her husband, Counterclaim Defendant, Keith Rasmussen and Plaintiff's counsel when all parties and counsel were diligent and could not help technical glitches and worked with technology specialists, AT&T and Court personnel.

## MOTION FOR CLARIFICATION

The Court in its Order of March 7, 2008 has ruled that the Defendant, Central Florida Council Boy Scouts of America, Inc., is entitled to an accounting. It is unclear as to the procedural aspects of the accounting which there remains no agreement other than the Plaintiff agrees to provide an accounting by June 1, 2008.

Since the accounting is a common law claim the Court can look to the common law of the State forum on which this action is based. An accounting is a two-step process and when an accounting is granted the accounting is conducted by the Court or an appointed special master, see *Goldfarb Novelty Company of Florida v. Vann*, 94 So.2d

845 (Fla.1957) and *A-1 Truck Rentals, Inc. v. Vilberg*, 222 So.2d 442 (Fla. 3rd DCA 1969). The Defendant, Central Florida Council Boy Scouts of America, Inc. has suggested that the Counter-Defendants, Palma and Keith Rasmussen, go to a certified public accountant at the expense of the Counter-Defendants. The Counter-Defendants, Palma and Keith Rasmussen, take the position that, at least initially, they can provide an accounting of their own, provide it to counsel for Central Florida Council Boy Scouts of America, Inc., and if not satisfied, Defendant/Counter-Plaintiff will direct the Counter-Defendants to go to whatever entity they wish for them to conduct an accounting at the expense of Defendant/Counterclaim-Plaintiff, Central Florida Council Boy Scouts of America, Inc. At this point in time it appears that neither party suggests that the Court or the magistrate involve themselves in the actual accounting procedure and the need to appoint a special master is premature. The Plaintiff's counsel wants to bring this issue to the Court's attention since if the parties cannot agree on the conclusions of the accounting, however it is conducted, the resolution of those issues that needs to be addressed. Plaintiff's counsel believes resolution of disputed issues of an accounting could be addressed by the magistrate.

In summary, the Counterclaim Defendants, Palma Rasmussen and Keith Rasmussen, respectfully requests this Court to enter an appropriate order of clarification as to the procedural aspects of the accounting: (1) Whether the Rasmussens can conduct their own accounting and present this to Defendant/Counterclaim-Plaintiff and, if Defendant/Counterclaim Plaintiff is unsatisfied, Central Florida Council Boy Scouts of America, Inc. can direct the Plaintiffs to an entity of their choosing at the expense of Central Florida Council Boy Scouts of America, Inc.; (2) Whether the parties use the

Court magistrate to resolve any remaining issues or have the Court appoint a special master to adjudicate resolution of these issues.

**Local Rule 3.01(g) Certification**

The Plaintiff's counsel has contacted Defendant's counsel in attempt to resolve these matters and has been unable to resolve them.

WHEREFORE, the Plaintiff/Counter-Defendant, and Counter-Claim Defendant, Keith Rasmussen, respectfully requests this Court to enter an appropriate order to reconsider the Summary Judgment and amend the Order of March 7, 2008 appropriately after considering the submissions of exhibits that occurred on January 24, 2008; and to clarify the procedural aspects of the accounting that has been granted.

s/Edward R. Gay
Edward R. Gay, Esquire
Fla. Bar No. 342084
1516 E. Concord St.
Orlando, Florida 32803
407/898-1871
407/897-7042 (fax)
E-mail: lawfirmofedgay@Bellsouth.net
TRIAL COUNSEL FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I certify that on March 17, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Carla A. Kerr, Hughes, Hubbard & Reed LLP, One Battery Park Plaza, New York, NY 10004 and Philip Mathew Agnes, Esq., Agnes, Barak & Zitani, LLP, 3336 Higel Avenue, Sarasota, FL 34242.

s/Edward R. Gay
Edward R. Gay, Esquire
Fla. Bar No. 342084
1516 E. Concord Street
Orlando, Florida 32803
TRIAL COUNSEL FOR PLAINTIFF
407/898-1871
407/897-7042 (fax)
