**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**PALMA RASMUSSEN,**

**Plaintiff,**

**-vs-** **Case No. 6:07-cv-1091-Orl-19GJK**

**CENTRAL FLORIDA COUNCIL BOY SCOUTS OF AMERICA, INC.,**

**Defendant.**

---

**CENTRAL FLORIDA COUNCIL BOY SCOUTS OF AMERICA, INC.,**

**Counterclaim Plaintiff**

**-vs-**

**PALMA RASMUSSEN, and KEITH RASMUSSEN,**

**Counterclaim Defendants.**

---

# ORDER

This case comes before the Court on the following:

1. Motion of Palma and Keith Rasmussen for Reconsideration and Amendment of Order of Summary Judgment; and Motion for Clarification (Doc. No. 77, filed Mar. 17, 2008); and

2. Memorandum of Law of Central Florida Council Boy Scouts of America, Inc. in Opposition to Motion of Plaintiff and Counterclaim Defendants for Reconsideration and Clarification (Doc. No. 81, filed Mar. 31, 2008).

## I. Request for Reconsideration

Plaintiff and Counterclaim-Defendant Palma Rasmussen and Counterclaim-Defendant Keith Rasmussen seek reconsideration of the Court's Order granting partial summary judgment in favor of Defendant and Counterclaim-Plaintiff Central Florida Council Boy Scouts of America, Inc. ("the Council"). The Rasmussens' request stems from footnote one of the Order which stated:

> All of the documents submitted by the Rasmussens were filed late. On January 2, 2008, the Court issued a *Milburn* Order stating that "the Court will take [Defendant's] Motion for Summary Judgment under advisement on January 23, 2008. *Prior to that date*, the adverse party may file affidavit(s) within the purview of the Federal Rules of Civil Procedure 56 in opposition to the Motion." (Doc. No. 40, filed Jan. 2, 2008, at 1 (emphasis added).) The Rasmussens filed a Response to the Council's motion and several supporting affidavits on the evening of January 23, 2008. (Doc. Nos. 43-51.) The next day, they filed supplements to the affidavits. (Doc. Nos. 52-74.) Approximately two weeks later, the Rasmussens filed an additional supplement. (Doc. No. 75, filed Feb. 6, 2008.) Federal Rule of Civil Procedure 6(b) permits the Court to excuse a late filing only upon motion of the late party, and no such motion was filed in this case. However, in the Court's experience, Milburn orders have been interpreted before as permitting filing on the "advisement" date, even though the actual language of the order requires filing before the "advisement" date. Moreover, the Eleventh Circuit has interpreted Rule 56 as requiring the district court to make an independent assessment of the merits of a case even when the plaintiff fails to respond to the defendant's motion for summary judgment. *See United States v. 5800 SW 74th Ave.*, 363 F.3d 1099, 1101 (11th Cir. 2004). Accordingly, the Court will consider the documents that were filed on January 23, 2008. Documents filed on or after January 24, 2008, will be excluded from consideration.

(*Id.* at 2 n.1.) Counsel for the Rasmussens states that his DSL internet connection was too slow to successfully upload the entire record on January 23, 2008, and a "technical glitch" required the uploading to be completed the next morning. (Doc. No. 77 at 2-3.) Counsel explains that the Court "was not aware of this fact" when it issued its Order on March 7, 2008.[1] (*Id.*) The Council filed a

---

[1] Counsel offers no explanation for why he filed certain documents on February 6, 2008. Nor does he explain why he did not begin filing any documents until January 23, 2008, the (continued...)

response to the Rasmussens' Motion, arguing that the request for reconsideration must fail because the motion presents no basis for reconsideration, excusable neglect does not exist under the case law, and Rasmussens fail to explain how the Court's decision would be altered by considering the tardy documents. (Doc. No 81 at 1-4.)

The Eleventh Circuit Court of Appeals has described a motion for reconsideration as falling within the ambit of either Federal Rule of Civil Procedure Rule 59(e) (motion to alter or amend a judgment) or Federal Rule of Civil Procedure Rule 60(b) (motion for relief from judgment). *Region 8 Forest Serv. Timber Purchases Council v. Alcock*, 993 F.2d 800, 806 n. 5 (11th Cir.1993). Under either rule, the decision to grant a motion for reconsideration is committed to the sound discretion of the Court and will not be overturned on appeal absent an abuse of discretion. *Id.* at 806. The purpose of a motion for reconsideration is to correct manifest errors of law, to present newly discovered evidence, or to prevent manifest injustice. *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). In order to reconsider a judgment, there must be a reason why the Court should reconsider its prior decision, and the moving party must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). A motion for reconsideration should not be used to reiterate arguments previously made. *Burger King Corp.*, 181 F. Supp. 2d at 1369. Reconsideration of a previous order is an extraordinary remedy to be employed sparingly. *Id.*

---

[1](...continued)
day after the deadline established by the Court's *Milburn* Order. (Doc. No. 40 "[T]he Court will take the Motion for Summary Judgment under advisement *on* January 23, 2008. *Prior to that date*, the adverse party may file affidavits(s) . . . in opposition to the Motion." (emphasis added).)

Although the Court is sympathetic to technological problems, the Rasmussens have not offered any basis to reconsider the Court's previous Order. Most importantly, they do not explain how the "technical glitch" influenced the Court's Order. The Rasmussens' only explanation of this issue is limited to the following statement:

> In summary, the Plaintiff, Palma Rasmussen, and Counterclaim Defendant, Keith Rasmussen, respectfully request this Court to reconsider its previous decision of March 7, 2008 by a review of the exhibits that were filed past January 23, 2008, the exhibits of January 24, 2008 which were a continuation of the January 23, 2008 timely submissions but for a technical glitch. Even if the Court's decision is identical to the decision of March 7, 2008, then footnote 1 should be deleted as it infers a lack of diligence on the Plaintiff, her husband, Counterclaim Defendant, Keith Rasmussen and Plaintiff's counsel when all parties and counsel were diligent and could not help technical glitches and worked with technology specialists, AT&T and Court personnel.

(Doc. No. 77 at 5.) As the Council points out, the materials submitted on and after January 24 were a "hodgepodge of letters, emails, information printed from Internet websites, and other miscellaneous material." (Doc. No. 81 at 4.) Furthermore, with respect to at least five of the late documents cited in the Rasmussens' Memorandum in Opposition to Summary Judgment, the Court's Order explained:

> [E]ven if the Court were to consider this evidence, the result would not change. All five of these documents appear to be print-outs from a website. There is no explanation of the documents' relevance or any indication of their authenticity. *See Ross v. Corp. of Mercer Univ.*, 506 F. Supp. 2d 1325, 1338 (M.D. Ga. 2007) (discussing authenticity and identification of summary judgment evidence under Federal Rule of Evidence 901).

(Doc. No. 76 at 18.) Without any explanation of how the "technical glitch" actually influenced the Court's Order, the request for reconsideration cannot be granted. *Worsham v. Provident Co., Inc.*, 249 F. Supp. 2d 1325, 1339 (N.D. Ga. 2002) (request for reconsideration must present grounds for changing the outcome of the reconsidered order).

Moreover, counsel for the Ramussens has failed to explain his delay in bringing this matter before the Court. Addressing a party that attempted to submit new summary judgment evidence through its motion for reconsideration, Judge Kovachevich of the U.S. District Court for the Middle District of Florida explained:

> Plaintiff should have notified the Court through a motion, i.e. a motion to stay judgment pending submission of supplemental affidavits, a motion to delay consideration of the motion for summary judgment, or a motion to reopen discovery, to allow Plaintiff to obtain and file the new information with the court. Plaintiff chose to do none of these things. Plaintiff instead waited until the Court ruled on the motion for summary judgment.

*Prieto v. Storer Commc'ns, Inc.*, 152 F.R.D. 654, 655 (M.D. Fla. 1994). Likewise, the proper method to remedy a late submission is not to wait and see if the Court notices. Federal Rule of Civil Procedure 6(b) allows a party to extend a deadline by motion "after the time has expired if the party failed to act because of excusable neglect." The Rasmussens could have filed a 6(b) motion any time before the Court rendered its decision on March 7, 2008. Their failure to do so in the 43 days that passed between the late submission and the Court's decision bars the Rasmussens from now relying on excusable neglect as a ground for reconsideration. *See, e.g.*, *Prieto*, 152 F.R.D. at 656 (holding that the plaintiff's lack of diligence in alerting the court to an incomplete submission *before* the court ruled on the defendant's motion for summary judgment motion precluded the plaintiff from successfully moving for reconsideration).

**II. Request for Clarification**

Counterclaim Defendants Palma and Keith Rasmussen seek clarification of the Court's Order granting summary judgment in favor of the Council on its claim to require the Rasmussens to provide an accounting. The Rasmussens seek specific guidance on whether the accounting must be performed by a professional and whether they would bear the cost if a professional is used. (Doc.

No. 77 at 6.) The Rasmussens suggest that any disputed issues regarding the scope of the accounting should be overseen by the Magistrate Judge. (*Id.*) The Council argues that the Rasmussens bear the cost of an accounting, whichever method they choose, and that they will be liable for any missing funds. (Doc. No. 81 at 5-9.)

The Fifth Circuit Court of Appeals has described the remedy of accounting as follows:

> An accounting is a species of compulsory disclosure, predicated upon the assumption that the party seeking relief does not have the means to determine how much--or, in fact, whether--any money properly his is being held by another. The appropriate remedy, particularly where the determinations may be detailed and complex, is an order to account in a proceeding in which the burden of establishing the non-existence of money due to the plaintiff rests upon the defendant. Because of the very nature of the remedy, that burden cannot rest upon plaintiff, but must shift to the defendant once facts giving rise to a duty to account have been alleged and admitted.

*Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 641 (5th Cir. 2003) (quoting *Rosenak v. Poller*, 290 F.2d 748, 750 (D.C. Cir.1961)); *see also Bynum v. Baggett Transp. Co.*, 228 F.2d 566, 573-74 (5th Cir. 1956) ("To account is to do just that. The one obliged to account does not fulfill his duty by supplying only that which the beneficiary requests, that which is conveniently accessible, or remaining silent."); *Beckerman v. Greenbaum*, 439 So. 2d 233, 236 (Fla 2d DCA 1983) ("Once appellant's right to the accounting and the five percent of net profits was determined, the appellees had the burden of establishing each credit or deduction by competent and substantial evidence.").

Moreover, "the costs of producing the requested accounting are akin to the discovery costs incurred by the parties in every lawsuit." *Garcia*, 351 F.3d at 641 (refusing to attribute the costs of producing an accounting to the jurisdictional minimum for a diversity action). Thus, the party bearing the burden to produce an accounting bears the associated costs. *Id.* The case law generally

does not require the fiduciary to utilize a professional accountant.[2] However, as discussed below, the failure to provide an adequate accounting carries a serious consequence for the fiduciary.

The ultimate purpose of the accounting is to determine whether the fiduciary "has performed his duties properly." *In re Niles*, 106 F.3d 1456, 1461 n.4 (9th Cir. 1997); Jole Eichengrun, *Remedying the Remedy of Accounting*, 60 Ind. L.J. 463, 468-69 (1985). As a result, the actual process of accounting operates much like discovery in a civil lawsuit. *In re Niles*, 106 F.3d at 1461 n.4. The plaintiff asks the defendant to account for the funds and property entrusted to it, and the defendant must respond by accounting for any losses or profits. *Id.* Presumably, the plaintiff can make the demand by sending an interrogatory to the defendant listing the funds entrusted to the defendant and demanding an accounting of each fund. The defendant would then be required explain in detail and with documentation how each fund was handled.[3]

Despite many the similarities, however, the process of accounting does carry one important distinction from civil discovery: "the plaintiff gets judgment for the gross amount proven if the defendant fails or refuses to account." Eichengrun, *supra*, at 470, 477. In other words, the fiduciary's failure to provide an adequate accounting of funds that the plaintiff provided to him results in a presumption that the funds were mishandled. *Id.*; *In re Niles*, 106 F.3d at 1461 n.4 ("The accounts should be clear and accurate and if they are not, all presumptions are against the

---

[2] *But see Andrikopoulos v. Broadmoor Management Co., Inc.*, 670 P.2d 435, 440 (Col. Ct. App. 1983) ("[D]efendants' books were kept inadequately and were in such disarray that it was necessary for an accountant to examine them in detail to determine the amount due to plaintiffs.").

[3] The process is so similar to discovery that some courts have denied a plaintiff's request for an accounting on the basis that equitable relief is unnecessary due to the adequacy of discovery procedures. *Litton Sys., Inc. v. Frigitemp Corp.*, 613 F. Supp. 1386, 1391 (S.D. Miss. 1985). However, the Rasmussens did not raise this or any other legal argument in opposition to the Council's request for an accounting. (Doc. No. 43 at 15.)

trustee and all obscurities and doubts are to be taken adversely to him."); *Alexopoulos v. Dakouras*, 179 N.W. 2d 836, 841 (Wis. 1970) ("Inasmuch as the agent herein has failed to account for his principal's funds, he is liable for conversion.")

The party requesting the accounting, here the Council, should utilize the discovery procedures authorized by the Federal Rules of Civil Procedure to obtain information concerning the disposition of the subject funds. Any motion to compel more complete information, or any objection to the discovery sought, will be referred to the U.S. Magistrate Judge for determination. The issues of whether the Rasmussens are liable for repayment of funds entrusted to them or profits thereon are issues that will be decided at trial or, if appropriate, in a order ruling on a motion for summary judgment.

**Conclusion**

The Motion of Palma and Keith Rasmussen for Reconsideration and Amendment of Order of Summary Judgment; and Motion for Clarification (Doc. No. 77, filed Mar. 17, 2008) is **GRANTED** in part and **DENIED** in part. The request for reconsideration is **DENIED**, and the request for clarification is **GRANTED** as stated in this Order.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on April _11___, 2008.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record