UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PALMA RASMUSSEN                      CASE NO.: 6:07-CV-1091-19UAM

    Plaintiff.

v.

CENTRAL FLORIDA COUNCIL
BOY SCOUTS OF AMERICA, INC.

    Defendant.

---

CENTRAL FLORIDA COUNCIL
BOY SCOUTS OF AMERICA, INC.

    Counterclaim Plaintiff.

v.

PALMA RASMUSSEN

    Counterclaim Defendant.

- and -

KEITH RASMUSSEN

    Additional Counterclaim Defendant.

_____/

## PLAINTIFF'S MOTION FOR RECONSIDERATION AND AMENDMENT OF ORDER OF SUMMARY JUDGMENT

COMES NOW the Plaintiff, Palma Rasmussen, and Counterclaim Defendant, Keith Rasmussen, who submit this motion for reconsideration and amendment of previous Order of Summary Judgment and Motion for Clarification.

**Motion for Reconsideration**

We respectfully request that our Motion to Reconsider be granted by the Court as we feel there are voluminous exhibits that support our affidavits which the Court has not had the opportunity to consider. We feel that this puts the Court at a disadvantage when it comes to having access to all of the facts in this case and results in manifest injustice against us. If all of the documents had been available for

- 1 -

consideration by the Court, we strongly feel that there would be a change in the Court's decision in whole or in part. 88 exhibits were compiled by us, formatted, reformatted and submitted to Mr. Gay's office by us in a timely fashion with ample time to submit to the Court prior to the January 23, 2008 deadline. These were not submitted to the Court on time by Mr. Gay's office who assured us that submission to the Court would be timely.

We feel strongly that the Court will find that these documents are not just a "hodgepodge of letters, emails, information from Internet web sites and other miscellaneous material." as they have been classified by the Defendant, Central Florida Council. Just the opposite. Our documentation will show that our case against the Central Florida Council has much more merit than they wish to concede and that their Counterclaims against us are baseless. The documentation includes many documents that provide direct evidence that supports our claims against the Central Florida Council and which clearly refute the Central Florida Council's Counterclaims.

On January 11, 2008, we submitted to our attorney, Edward R. Gay, Esq. via email all of our affidavits, supporting exhibits lettered "A" through "CJ" and an index of exhibits for submission to the Court prior to the January 23, 2008 deadline. In addition, we sent via U.S. Mail audio CDs which were Exhibit "AP". The documents that were emailed were received by Mr. Gay's office the same day, January 11, 2008. After verbal confirmation of receipt of these documents, Mr. Gay's assistant, Peggy, stated that she would give everything to Mr. Gay to review. She stated that he would contact us if any issues needed to be addressed. We did not hear from Mr. Gay or his staff until January 17, 2008 even after repeated phone calls.

Late in the afternoon on January 17, 2008, we received a call from Peggy, Mr. Gay's assistant, requesting that we reformat Exhibits "A" through "CJ" as they were not in the prescribed format as dictated by the Court. Mr. Gay's office should have been able to handle this task. However, in the interest of time, we followed their instructions on formatting to ensure their completion and resubmission back to Mr. Gay's office. We proceeded to work through the evening to reformat the exhibits and forwarded them back to Mr. Gay's office that same night.

On January 20, 2008, we were asked to reformat and resubmit our affidavits and those of our witnesses to Mr. Gay's office for submission to the Court. This involved arranging to have all the

individuals get their affidavits re-notarized. We reminded Mr. Gay's office that time was getting short and that we needed to get these items to the Court before the deadline. We were reassured by Peggy that we had "plenty of time" and that "we have up until midnight of the 23rd to get everything submitted." We again expressed great concern that these documents be submitted well before the January 23, 2008 deadline and that we did not want to even be in danger of being late and to have enough time in case something should go wrong. Peggy again reassured us that we had 'plenty of time." Mr. Gay also informed us *that if he needed more time, he could file with the Court for more time prior to the deadline.* Mr. Gay did not file for any extension with the Court.

On January 21, 2008, we were again asked by Mr. Gay's office to "rebundle" our affidavits and exhibits into smaller files so that they would meet the electronic submission guidelines of no more than 5 megabytes outlined by the Court. Over the course of the period from January 21 through January 23, 2008, Mr. Gay's office asked us to resubmit to them several exhibits they state that they did not receive from us via email due to a computer problem.

On the morning of January 23, 2008 we contacted Mr. Gay's office to confirm that all documents had been submitted to the Court and received. Peggy stated that Mr. Gay, had not yet given the final OK to do so. At this point we became very upset and complained that the documents had to be submitted prior to the deadline at the close of business that same day and that they should have been submitted to the Court already. Late in the afternoon of January 23, 2008, Mr. Gay's office informed us that they had "begun" to submit the documents to the Court. We raised great concern that they would not make it in time and we were again assured that they would be.

On January 24, 2008, we contacted Peggy again to confirm that the documents were submitted and received. She stated that they were still being transmitted but because they started submitting before 5:00pm the previous day, that everything would be OK. We expressed great concern on this and asked them to contact us when the transmission of the documents had been completed. We also requested that Mr. Gay contact the Court staff directly to inform them as to the situation.

We were not made aware that the bulk of our documents were not able to be considered by the Court until we received and carefully read a copy of the Court's Order which indicated that much of our documentation would not be considered because it was filed late by Mr. Gay's office. We did not receive a

copy of nor were we notified of the Court's Order until a week after it was given to Mr. Gay's office. We immediately instructed Mr. Gay to submit a motion to the Court to request that this information be reconsidered by the Judge. Mr. Gay was reluctant to submit a Motion for Reconsideration, however we insisted that he take this step to request that our documents be considered.

Mr. Gay submitted a Motion to Reconsider to the Court but in that motion he did not provide the Court with any explanation as to why he delayed submission of the documents prior to the January 23, 2008 deadline, why he did not submit a request for an extension of time prior to the January 23, 2008 deadline, nor did he explain why the consideration of these submissions are an important aspect of our case. Mr. Gay has not to date offered an explanation as to why our documents were submitted so late in the process when he could have submitted well before the deadline or requested more time from the Court. We feel that this alone puts us at a serious disadvantage by not having the opportunity to have our evidence considered by the Court.

In the afternoon on Friday, February 1, 2008, we received a call from Peggy informing us that she had received instructions from the Court to have written transcripts of the audio CD previously submitted by us prepared. We began to transcribe the recordings over the weekend and submitted them to Mr. Gay's office on February 6, 2008 for subsequent submission to the Court.

We have, throughout the process, submitted all documents to Mr. Gay for submission well before any deadlines to ensure timely consideration. Since the Court requires electronic submission and Mr. Gay's office is authorized to and has the means to submit electronically to the Court, we had to rely solely upon Mr. Gay and his staff to submit our documents. We have continually pressed Mr. Gay and his staff to have our documents submitted in a timely fashion. The first information we received that the submissions were ruled late by the Court came when we were finally able to completely read the Court's Order ourselves almost a week after it was entered by the Judge. When we read the Court's second Order, we decided to submit this motion ourselves. The Court indicates that motions for reconsideration should be used sparingly. We feel strongly that this situation warrants the reconsideration of the Court and that all documents submitted be reviewed to support our affidavits, prevent manifest injustice and to ensure that our right to due process rights are considered.

To not consider these documents is akin to assuming that no evidence in our favor even exists. To the contrary, large amounts of evidence exist and have been submitted by us with the reasonable expectation that it would all be considered. But for the actions of Mr. Gay and his staff, this would have happened and the Court would have had the opportunity to consider it all.

We placed our documents into Mr. Gay's care in good faith and with a reasonable assumption that submission of the documents to the Court would be timely and not placed in jeopardy *of not being* considered. Mr. Gay however, did not submit these documents on time as we reasonably expected and as required by the Court. In fact he only notified us well after the Court had already rendered its decision. After instructing Mr. Gay to submit a Request for Reconsideration, he still did not meet the requirements specified by the Court by not explaining why the submission was late and how reconsideration would affect the case. The actions of Mr. Gay and his staff have placed our case in jeopardy by essentially negating the evidence submitted which amounts to hundreds of pages. In addition, the Defendant seeks to minimize this evidence to its favor by taking advantage of this situation and to perpetuate their Counterclaims against us in the face of this documentation not being considered by the Court.

In summary, the Plaintiff, Palma Rasmussen, and Counterclaim Defendant, Keith Rasmussen, respectfully request this Court to reconsider its previous decision of April 11, 2008 by a review of all documents and submissions by the Plaintiff that were filed past the January 23, 2008 deadline, the exhibits of January 24, 2008 which were a continuation of the January 23, 2008 submissions and other documents, including the audio transcripts submitted late by Mr. Gay's office.

s/Palma M. Rasmussen
Palma M. Rasmussen
1570 Pentax Avenue
Titusville, Florida 32796-2379
321/385-0343
321/385-0576 (fax)
E-mail: prasmussen@cfl.rr.com
PLAINTIFF
COUNTERCLAIM DEFENDANT

s/Keith R. Rasmussen
Keith R. Rasmussen
1570 Pentax Avenue
Titusville, Florida 32796-2379
321/385-0343
321/385-0576 (fax)
E-mail: krasm@cfl.rr.com
ADDITIONAL COUNTERCLAIM DEFENDANT

## CERTIFICATE OF SERVICE

We certify that on May 5, 2008, I filed the foregoing with the Clerk of the Court via First Class U.S. Mail and a notice of filing via First Class U.S. Mail to the following: Carla A. Kerr, Hughes, Hubbard & Reed LLP, One Battery Park Plaza, New York, NY 10004, Philip Mathew Agnes, Esq., Agnes, Barak & Zitani, LLP, 3336 Higel Avenue, Sarasota, FL 34242 and Edward R. Gay, Esq., 1516 E. Concord Street, Orlando, Florida 32803.

s/Palma M. Rasmussen
Palma M. Rasmussen
1570 Pentax Avenue
Titusville, Florida 32796-2379
321/385-0343
321/385-0576 (fax)
E-mail: prasmussen@cfl.rr.com
PLAINTIFF
COUNTERCLAIM DEFENDANT

s/Keith R. Rasmussen
Keith R. Rasmussen
1570 Pentax Avenue
Titusville, Florida 32796-2379
321/385-0343
321/385-0576 (fax)
E-mail: krasm@cfl.rr.com
ADDITIONAL COUNTERCLAIM DEFENDANT