UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**PALMA RASMUSSEN,**

              **Plaintiff,**

-vs-                                          Case No.  6:07-cv-1091-Orl-19GJK

**CENTRAL FLORIDA COUNCIL
BOY SCOUTS OF AMERICA, INC.,**

              **Defendant.**
_____

**CENTRAL FLORIDA COUNCIL
BOY SCOUTS OF AMERICA, INC.,**

              **Counterclaim Plaintiff**

-vs-

**PALMA RASMUSSEN, and
KEITH RASMUSSEN,**

              **Counterclaim Defendants.**
_____

# ORDER

This case comes before the Court on the Motion of Palma and Keith Rasmussen for Extension of Time to File a Motion for Reconsideration (Doc. No. 96, filed May 20, 2008.)  The Motion appears to ask for an extension of time of twenty days to file a motion for reconsideration of the Court's partial grant of summary judgment in favor of Central Florida Council Boy Scouts of America, Inc. ("the Council"), on March 7, 2008.  (*Id.* at 1-3.)

The Motion must be denied for several reasons.  First, the Rasmussens violate Local Rule 3.01(g) by failing to certify that their counsel conferred with opposing counsel before filing the

motion. The Case Management and Scheduling Order states that "[t]he Court will deny motions that fail to include an appropriate, complete Rule 3.01(g) certificate." (Doc. No. 79 at 4.)

Second, there does not appear to be a relevant deadline to extend. The Eleventh Circuit Court of Appeals has described a motion for reconsideration as falling within the ambit of either Federal Rule of Civil Procedure Rule 59(e) (motion to alter or amend a judgment) or Federal Rule of Civil Procedure Rule 60(b) (motion for relief from judgment).[1] *Region 8 Forest Serv. Timber Purchases Council v. Alcock*, 993 F.2d 800, 806 n. 5 (11th Cir. 1993). Rule 59(e) requires a motion to alter or amend judgment to filed within ten days of the entry of judgment. Fed. R. Civ. P. 59(e). Rule 60(b) motions must be filed within a "reasonable time," and in some cases, no latter than one year after the order or judgment. Fed. R. Civ. P. 60(c)(1). Because the deadline to file a 60(b) motion is about nine and a half months from now on March 7, 2009, and the Rasmussens are only requesting a twenty-day extension, it appears that the Rasmussens are requesting an extension of time to file a Rule 59(e) motion. The Court granted partial summary judgment on March 7, 2008, and their request is untimely by a margin of nearly two months.

Finally, the Rasmussens already have filed a Motion for Reconsideration on March 17, 2008. (Doc. No. 77.) A motion for reconsideration should not be used "to relitigate old matters, [and] raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). The proposed grounds for reconsideration that appear in the Rasmussens' Motion for an extension of time were not raised in their opposition to the Council's Motion for Summary Judgment (Doc. No. 43), nor were they

---

[1] Counsel should refer to the Eleventh Circuit's case law and the Federal Rules of Civil Procedure for instruction on the difference between motions filed under Rule 59(e) and Rule 60(b).

raised in the Rasmussen's first Motion for Reconsideration (Doc. No. 77).  Accordingly, the Rasmussens should not raise these arguments in another motion for reconsideration.  Successive motions for reconsideration raising grounds that were or should have been known or asserted when the first motion was filed are improper.

The Motion of Palma and Keith Rasmussen for Extension of Time to File a Motion for Reconsideration (Doc. No. 96, filed May 20, 2008) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on May 22__, 2008.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record