# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PALMA RASMUSSEN,**
    **Plaintiff,**

-vs-              Case No. 6:07-cv-1091-Orl-19GJK

**CENTRAL FLORIDA COUNCIL BOY
SCOUTS OF AMERICA, INC.,**
    **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

> **MOTION:**   **MOTION FOR SANCTIONS BY CENTRAL FLORIDA COUNCIL, BOY SCOUTS OF AMERICA, INC. (Doc. No. 176)**
>
> **FILED:**    February 23, 2009
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. It is further **RECOMMENDED** that the Answer of Paula Rasmussen (Doc. No. 23) and the Answer of Keith Rasmussen (Doc. No. 24) be stricken and the Clerk be directed to enter default against Paula Rasmussen and Keith Rasmussen.

On June 26, 2007, Plaintiff Paula Rasmussen initiated this action by filing a complaint ("Complaint") against Central Florida Council Boy Scouts of America, Inc. ("Council") under Titles I and III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111-117, 12181-189 (2006), and the Florida Civil Rights Act ("FCRA"), Fla. Stat. §§ 760.01-760.11 (2007), alleging that the Council failed to accommodate her disabilities at a camping retreat and then retaliated against her after she complained about the matter. Doc. No 1, as amended at Doc. No. 7. On November 7, 2007, Council filed

an amended answer asserting affirmative defenses and counterclaims against Mrs. Rasmussen and her husband, Keith Rasmussen, (collectively, the "Rasmussens") for an accounting of the finances handled by the Rasmussens and for alleged conversion of the Council's property. Doc. No. 17. On December 5, 2009, the Rasmussens filed separate answers to the counterclaims. Doc. Nos. 23, 24.

On December 21, 2007, the Council moved for summary judgment on Mrs. Rasmussen's Complaint and its counterclaims. Doc. No. 25. On January 23, 2008, the Rasmussens filed a response in opposition. Doc. No. 43. On March 7, 2008, the Honorable Patricia C. Fawsett granted in part and denied in part Council's motion for summary judgment. Doc. No. 76. After determining that the Council was a "private club" but that the Trading Post was a place of public accommodation, Mrs. Rasmussen was permitted to maintain her ADA and FRCA claims solely based on the alleged non-accessibility of the Trading Post. *Id.* Thus, her Complaint was significantly narrowed. With respect to the counterclaims, the Court held that the Council was entitled to an accounting but summary judgment was not granted on its conversion claim. *Id.*

On March 19, 2008, Judge Fawsett issued a Case Management and Scheduling Order ("CMSO") which set forth the schedule of the case. Doc. No. 79. On March 24, 2008, the undersigned scheduled a final pretrial conference to be held on March 4, 2009. Doc. No. 80. Thereafter, a number of motions for summary judgment were filed. On July 29, 2008, Council filed a second motion for summary judgment against the Rasmussens. Doc. No. 100. In that motion, the Council challenged whether Mrs. Rasmussen had standing to bring a claim against the Trading Post and moved for summary judgment on its conversion counterclaim. *Id.* On August 29, 2008, the Rasmussens responded in opposition to second motion for summary judgment. Doc. No. 120. On September 8, 2008, Mrs. Rasmussen filed a motion

for summary judgment against Council on the claims alleged in her Complaint. Doc. No. 122. On October 13, 2008, Council filed its response in opposition to Mrs. Rasmussen's motion. Doc. No. 136. On October 24, 2008, Mrs. Rasmussen filed a motion for summary judgment as to Council's conversion counterclaim, and on November 3, 2008, Council filed a motion for summary judgment on the Rasmussens' accounting of Pack, Troop and Crew 700 funds. Doc. Nos. 144, 149. Responses were also filed with respect thereto. Doc. Nos. 157, 166. On December 10, 2008, the Rasmussens' request for substitute counsel was granted and Pater J. Cannon, Esq., became their counsel. Doc. Nos. 163, 167.

On February 9, 2009, Judge Fawsett entered an order ("Order") addressing each of the motions for summary judgment mentioned above. Doc. No. 173. The Court granted summary judgment and dismissed all claims asserted by Mrs. Rasmussen in the Complaint. *Id.* The Court retained supplemental jurisdiction over the Council's state law counterclaims. *Id.*

On February 23, 2009, Council filed the present Motion for Sanctions ("Motion") against the Rasmussens. Doc. No. 176. Pursuant to the CMSO, the parties were required to file a Joint Final Pretrial Statement ("Pretrial Statement") on or before February 16, 2009. Doc. No. 79. According to Council, counsel for the Rasmussens "consistently failed to return . . . voicemail and email messages and has not provided any of the information required to be included in the Pretrial Statement." Doc. No. 176 at 2. Thus, Council asserts that the Rasmussens have violated this Court's orders, the Federal Rules of Civil Procedure, and Local Rule 3.06(b) and (c). *Id.* As sanctions, Council requests that the Court either: 1) enter a default against the Rasmussens as to the counterclaims for an accounting and conversion; or 2) grant Council permission to file a unilateral pretrial statement and preclude the Rasmussens from presenting any witnesses, offering any exhibits, or objecting to any exhibits at trial. *Id.*

-3-

On March 4, 2009, the undersigned held the Final Pretrial Conference as previously scheduled. Doc. No. 180. The Rasmussens and their counsel failed to appear. The undersigned attempted to contact Mr. Cannon, but after receiving no answer, the undersigned left Mr. Cannon a message as to the occurrence Final Pretrial Conference. On March 5, 2009, Judge Fawsett referred Council's Motion to the undersigned for a report and recommendation. Doc. No. 181.

Pursuant to Rule 16(f), Federal Rules of Civil Procedure, the imposition of sanctions is appropriate where "a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). "The sanctions contained in Rule 16(f) were designed to punish lawyers and parties for conduct which unreasonable delays or otherwise interferes with the expeditious management of trial preparation." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). Rule 37(b)(2) allows a court to enter an order striking pleadings, dismissing an action or proceeding in whole or in part, or rendering a default judgment against a disobedient party. Fed. R. Civ. P. 37(b)(2). Accordingly, it is RECOMMENDED that:

1. The Motion (Doc. No. 176) be GRANTED;

2. The Answers of Paula and Keith Rasmussen (Doc. Nos. 23-24) be stricken; and

3. The Clerk be directed to enter default against Paula and Keith Rasmussen.

**The Clerk is directed to send a copy of this Report and Recommendation to Peter Cannon, Esq. and Paula and Keith Rasmussen by Certified Mail.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Recommended** in Orlando, Florida on April 15, 2009.

/s/ Gregory J. Kelly
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
**Unrepresented Parties by Certified Mail**