UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CENTRAL FLORIDA COUNCIL**
**BOY SCOUTS OF AMERICA, INC.,**

    **Counterclaim Plaintiff,**

-vs-               Case No. 6:07-cv-1091-Orl-19GJK

**PALMA RASMUSSEN,**
**KEITH RASMUSSEN,**

    **Counterclaim Defendants.**

_____

# ORDER

This case comes before the Court on the following:

1. Motion for Sanctions Including Dismissal of Defendant Central Florida Council Boy Scouts of America's Counterclaim and a Request for Attorneys' Fees as a Result of Attorney Carla Kerr Stearns' Ethics Violations by Plaintiff Palma Rasmussen[1] (Doc. No. 210, filed Jan. 22, 2010);

2. Motion to Request a Postponement of the Evidentiary Hearing Scheduled for January 26, 2010 by Plaintiff Palma Rasmussen (Doc. No. 212, filed Jan. 25, 2010); and

3. Response to Plaintiff's Motion for Postponement of Evidentiary Hearing by Defendant Central Florida Council Boy Scouts of America (Doc. No. 213, filed Jan. 25, 2010.)

---

[1] Although this Motion is brought by Plaintiff Palma Rasmussen, it is argued by counsel as though it was brought on behalf of both Palma and Keith Rasmussen as Counterclaim Defendants. (*See, e.g.*, Doc. No. 210 at 1 (seeking dismissal of the Council's counterclaims against Palma and Keith Rasmussen); *id.* at 4 ("As a result my clients have sustained prejudice.").) The Court would reach the same result whether this Motion is brought on behalf of Plaintiff or Counterclaim Defendants.

**Background**

On August 31, 2009, the Clerk of this Court entered a default in favor of Central Florida Council Boy Scouts of America, Inc. ("Council") and against Palma and Keith Rasmussen ("Rasmussens") on the Council's counterclaims against the Rasmussens for an accounting of the finances handled by the Rasmussens and for the alleged conversion of the Council's property. (Doc. No. 197, filed Aug. 31, 2009; Doc. No. 17, filed Nov. 7, 2007.) On September 28, 2009, the Council moved for a default judgment against the Rasmussens on its counterclaims, and the Court set an evidentiary hearing on that Motion for January 26, 2010. (Doc. No. 200, filed Sept. 28, 2009; Doc. No. 201, filed Sept. 30, 2009.)

On January 22, 2010, four days prior to the evidentiary hearing, the Rasmussens moved for sanctions against the Council including a dismissal of the Council's counterclaims as a result of the allegedly unethical conduct of Carla Kerr, counsel for the Council. (Doc. No. 210.) The Rasmussens maintain that Carla Kerr violated her ethical obligations by threatening a criminal prosecution against the Rasmussens if they failed to settle this case. (*Id.* at 4-5.) In support of this allegation, the Rasmussens cite the following email exchange between Carla Kerr and Anthony Brady, counsel for the Rasmussens:[2]

> Carla Kerr (Dec. 28, 2009, 11:20 A.M.): Tony, I'm writing to ask you to exercise some authoritative leadership of Palma in guiding her to a settlement. For example, perhaps if she understands that if I get a judgment against her, she will not be able to litigate and get a judgment again without me attaching the money, she might be willing to move on to her next case! I apologize for the presumptuousness of my request that you guide her. I just haven't had the sense that any of Palma's lawyers

---

[2] On August 28, 2009, the Court entered an Order granting the Rasmussens' motion to substitute Anthony Brady as their counsel in this case. (Doc. No. 196.) The contumacious conduct of the Rasmussens' three previous attorneys in this case is discussed in detail in that Order.

have been honest with her as to the value of her case, and I write to ask you to make an effort to convince her. Thanks for anything you can do.

Anthony Brady (Dec. 29, 2009, 9:28 A.M.): hi am on holiday until Jan 6 but will send her email to my client. i do attempt to comply with the new jersey code of ethics which is the most strict in the us and mandates communication. please do the same I do think the boy scouts are using nuclear weapons to kill a mosquito. cannot wait to see the attorney fee request. hope you and your family have a great new year.

Carla Kerr (Dec. 29, 2009, 9:34 A.M.): Forwarding my email is not exercising the kind of leadership with her I'm talking about. I'm the enemy. You are her lawyer. Talk to her.

Carla Kerr (Dec. 29, 2009, 9:37 A.M.): The only thing the [Council] can do is make sure they never see this mosquito again. Preferably thru settlement, but if not thru litigation. We also believe there is enough for a criminal prosecution.

Anthony Brady (Jan. 3, 2010, 10:35 A.M.): If we settle will you drop any idea of criminal charges?

Carla Kerr (Jan. 3, 2010, 10:59 A.M.): Ethically we aren't permitted to make such a deal, or I would. But I think it's clear that if we have all the witnesses in, all we would have to do is give the DA the transcript, and without that it would be (much more) costly for us to put the package together.

(Doc. No. 210-1 at 1-7.)

On the eve of the evidentiary hearing, January 25, 2010, Palma Rasmussen moved to postpone the evidentiary hearing on account of Carla Kerr's alleged ethical violations. (Doc. No. 212.) The Council filed a response in opposition. (Doc. No. 213.)

**Standard of Review**

A federal court has the inherent power to control admission to its bar and to discipline attorneys who appear before it. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). "[E]ven absent explicit legislative enactment, deeply rooted in the common law tradition is the power of any court to impose reasonable and appropriate sanctions upon errant lawyers practicing before it." *Thomas v. Tenneco Packaging Co., Inc.*, 293 F.3d 1306, 1320 (11th Cir. 2002) (internal quotations omitted).

However, "before a court can impose sanctions against a lawyer under its inherent power, it must find that the lawyer's conduct constituted or was tantamount to bad faith." *Id.* (internal quotations omitted). A court's decision as to "whether a party or lawyer's actions merit imposition of sanctions is heavily dependent on the court's firsthand knowledge, experience, and observation." *Harris v. Chapman*, 97 F.3d 499, 506 (11th Cir. 1996).

**Analysis**

**I. Motion for Sanctions Against the Council**

The Rasmussens argue that Carla Kerr should be sanctioned and that the Council's counterclaims against them should be dismissed because Kerr threatened to present criminal charges against the Rasmussens if they did not settle this case. (Doc. No. 210 at 4-5.) Rule 4-3.4 of the Florida Rules of Professional Conduct states that "a lawyer shall not . . . threaten to present criminal charges solely to obtain an advantage in a civil matter." Attorneys appearing before this Court may be subject to sanctions for violating the Florida Rules of Professional Conduct. *See* Local Rule 2.04(a), (d).

Although sanctions may be warranted if Kerr threatened to present criminal charges solely to obtain an advantage in this case, there is not sufficient evidence in the record from which the Court may draw that conclusion. It appears that Kerr sent the contested emails in order to impart to Brady, who recently entered his appearance for the Rasmussens in this case, a sense of how this case has progressed. (*See* Doc. No. 196.) In addition, it appears that Brady, not Kerr, first suggested that settlement of this case would avoid a criminal prosecution and that Kerr rejected Brady's settlement proposal because it was unethical:

> Kerr (Dec. 29, 2009, 9:37 A.M.): We also believe there is enough for a criminal prosecution.

> Brady (Jan. 3, 2010, 10:35 A.M.): If we settle will you drop any idea of criminal charges?
>
> Kerr (Jan. 3, 2010, 10:59 A.M.): Ethically we aren't permitted to make such a deal, or I would. But I think it's clear that if we have all the witnesses in, all we would have to do is give the DA the transcript, and without that it would be (much more) costly for us to put the package together.

(Doc. No. 210-1 at 5-7. In summary, because Plaintiffs do not offer, and the Court does not find, any evidence that Carla Kerr's emails were unethical or sent in bad faith, Plaintiff's Motion for Sanctions should be denied.

## II. Motion to Postpone the Evidentiary Hearing

Plaintiff Palma Rasmussen argues that in light of Carla Kerr's ethical violations, the evidentiary hearing scheduled for January 26, 2010 should be postponed. (Doc. No. 212 at 1-2.) Finding no ethical violation by Carla Kerr, there is no basis for postponing the evidentiary hearing, and the Motion to Postpone should be denied.

### Conclusion

Based on the foregoing, it is hereby **ORDERED** and **ADJUDGED** that the Motion for Sanctions Including Dismissal of Defendant Central Florida Council Boy Scouts of America's Counterclaim and a Request for Attorneys' Fees as a Result of Attorney Carla Kerr Stearns' Ethics Violations by Plaintiff Palma Rasmussen (Doc. No. 210) and the Motion to Request a Postponement of the Evidentiary Hearing Scheduled for January 26, 2010 by Plaintiff Palma Rasmussen (Doc. No. 212) are **DENIED**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on January 25, 2010.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record